Selwyn BOWEN, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 09–2044.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 26, 2010.

Opinion filed: Feb. 5, 2010.

Selwyn Bowen, Linden, NJ, pro se.

Susan B. Green, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Jeffrey L. Menkin, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before BARRY, AMBRO and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Selwyn Bowen, proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

## I.

Bowen, a native and citizen of Guyana, entered the United States in 1987 as part of Guyana's national soccer team. In 2001, he was placed in removal proceedings, for he had either entered the United States without inspection or stayed beyond the time allowed under his visa.[1] When Bowen failed to attend his hearing in 2002, the Immigration Judge ("IJ") ordered his removal in absentia. Despite that order, Bowen remained in the United States.

In 2008, Bowen, then represented by counsel, moved to reopen his removal proceeding, arguing, inter alia, that he had not received the Notice to Appear ("NTA") before the 2002 hearing. The IJ denied the motion and noted that, although Bowen now sought relief under the Convention Against Torture ("CAT"), he had failed to file an application. On appeal, the BIA remanded to the IJ to determine whether Bowen could be charged with having received the NTA. The BIA also denied Bowen's CAT application, which he had apparently submitted with his appeal.

On remand, the IJ did not conduct fact finding as to whether Bowen had received the NTA. Instead, the IJ appeared to treat the removal proceeding as reopened and held a hearing on Bowen's new requests for relief: withholding of removal and a new claim under the CAT. At the hearing, Bowen presented several reasons for fearing a return to Guyana: (1) Bowen's former soccer coach, who allegedly made sexual advances toward Bowen in approximately 1987, apparently still resided in Guyana; (2) the Indo–Guyanese led government would persecute Bowen because he was Afro–Guyanese; (3) the Guyanese government would torture him because he would be returning to the country as a deportee; and (4) Guyana lacked the medical resources to treat his health problems. The IJ, rejecting each of these reasons, denied

---

1. It is unclear whether Bowen actually had a visa; regardless, he does not dispute the charge of removability.

Bowen's requests for withholding of removal and relief under the CAT.

On appeal, Bowen, still represented by counsel, challenged the IJ's denial of withholding of removal but not the denial of CAT relief. The BIA agreed with the IJ's conclusion that Bowen had failed to demonstrate his eligibility for withholding of removal. In doing so, the BIA concluded that he had "not demonstrated that his [former] soccer coach targeted him or would seek to target him again on account of his membership in a particular social group, or that the Guyanese authorities would be unable or unwilling to protect him from harm." (Decision of BIA at 2.) Moreover, the BIA held that Bowen's documentary evidence did not establish a pattern or practice of persecution against deportees or individuals of Afro–Guyanese ethnicity. Finally, the BIA stated that Bowen had not explained how his medical condition entitled him to withholding of removal. Bowen now seeks review of this most recent BIA decision.[2]

## II.

To qualify for withholding of removal, an alien must establish that it is more likely than not that his "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir.2003). To meet this standard, the alien must show either (1) past persecution, which creates a rebuttable presumption of future persecution; or (2) that it is more likely than not that he will suffer future persecution if removed to the country in question. *See* 8 C.F.R. § 208.16(b).

The BIA did not err in rejecting Bowen's first theory of relief, for he did not show that his former coach's alleged actions were motivated by Bowen's race, religion, nationality, membership in a particular social group, or political opinion. Bowen's second and third theories of relief also lack merit, as we will not disturb the BIA's finding that the documentary evidence failed to demonstrate that Guyana has a pattern or practice of persecuting deportees or those of Afro–Guyanese ethnicity. *See Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir.2001) (stating that the BIA's findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it"). Bowen's fourth theory of relief fails as well, for he did not show how his inability to obtain medical treatment in Guyana entitles him to withholding of removal. To the extent Bowen now seeks to raise a new, unexhausted theory of relief, we lack jurisdiction to review that claim. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003).

In light of the above, we will deny Bowen's petition for review. His motion for a stay of removal is denied as moot. His motion for an extension of time to file additional documents is denied as well. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that this Court "shall decide the petition only on the administrative record on which the order of removal is based").

---

**2.** We have jurisdiction over Bowen's petition pursuant to 8 U.S.C. § 1252(a)(1).